Our first case today, 2013-7129 Fern v. McDonald. Mr. Carpenter, you may proceed. May it please the Court, Kenneth Carpenter appearing on behalf of Joseph Fern. Below, the Court held that Mr. Fern could not circumvent the requirement to file a substantive appeal in order to keep a claim that had already been subject to a pending NOD. This interpretation of the statute and regulation involving the completion of an appeal once initiated is at odds with the provisions of 38 CFR 3.156B. The initiation of an appeal under the statutory provisions does not and should not preclude a veteran's entitlement to the benefits of 3.156B. Counselor, how do you get around the case of Hamilton v. Brown where we said there cannot be more than one NOD relating to the same claim? When I look at your argument, it seems to me that you're at least making a constructive argument based on an additional NOD. So it seems to me that your argument is based on multiple NODs. Is that... To some extent it is, Your Honor, except that this Court's case in Hamilton was a jurisdictional case. At the time in which Hamilton was decided, the statute required what was called a jurisdictionally conferring NOD. That was the predicate for the Veterans Court's jurisdiction. You had to have a notice of disagreement on or after 1988, the date that the Judicial Review Act went into play. Congress later amended that provision, and all that is required is an adverse decision from the Board. So this Court's decision in Hamilton was interpreting a statute that then existed that now does not exist. And Hamilton simply has no application in this case. But the holding still applies, doesn't it? No, I don't believe it. You cannot base jurisdiction on multiple NODs. Except that NOD is not the jurisdictional prerequisite. The jurisdictional prerequisite is an adverse decision of the Board. And clearly there was an adverse decision of the Board in this case because the Board said that they would not consider the two years of the Veteran's initial claim as part of his appeal. And so that was adverse. That adverse decision triggered the jurisdiction of the Veterans Court. There's no jurisdictional requirement for an NOD. So to the extent that Hamilton holds what it does, it was superseded by the act of Congress to change the jurisdictional requirements for the Veterans Court to consider a case. So under what circumstances do you see the 60-day period applying? Only if the statement of the case doesn't change anything? No, where there isn't any submission of new and material evidence. In this case, with the notice of disagreement, Mr. Fearn submitted new and material evidence. That new and material evidence, on the same day that the statement of case was issued, received a new decision based upon that new and material evidence, which changed the rating and as a consequence gave him a new notice of appellate rights. He then had one set of notices from the VA that said he had 60 days to complete his appeal and another set of notices from the VA that said he had one year to initiate an appeal. And he did initiate an appeal. With respect to the issue of the conflicting notices, you never raised that issue before, did you? No, Your Honor, and it's not really relevant to the disposition of this case because it's not a question of the notices. It's a question of whether or not once you file new and material evidence, do you get the benefit of 3.156B. And that benefit is that the claim continues to be pending. But that new and material evidence was not filed within one year of the original decision. Oh, yes, it was. It was filed with the original NOD. In this case, with the original NOD that was filed following the original decision, the new and material evidence was submitted with that, and that's what resulted in the new decision that came out increasing his initial rating from 30% to 50%. There then was a subsequent notice of disagreement with that second VA decision, which that appeal was in fact completed in accordance with 7105. I'm just not following your logic. Let me see if I can figure out what you're arguing. So 3.156B says when new and material evidence is received prior to the expiration of the appeal period, and you're saying there was new material evidence, it was the therapist's letter that was filed with the NOD itself, right? Yes. So when new and material evidence is received prior to the expiration of the appeal period, it will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. That's correct. I feel like the government treated it that way. I don't see how they violated 3.156B. Because it's a question of whether or not the claim was allowed to continue to be pending. The veteran, in response to the notice that he received with his second decision, filed a second notice. I don't understand. It doesn't make sense. Sorry. You jumped over the part that didn't make sense. So the part that doesn't make sense to me is I don't understand. You say they misinterpreted 3.156B, but I don't see how they misinterpreted it because they considered the new and material evidence that was filed with the NOD in connection with the claim and, in fact, increased the rating from 30% to 50% in light of that new material evidence and issued it as such in the statement of the case. So where is the misinterpretation of 3.156B? When the lower court in this case ruled that the veteran had to complete his appeal notwithstanding his submission of new and material evidence that would have allowed his claim to continue to be pending, that constitutes a misinterpretation. Why would his claim continue to be pending? They issued a statement of the case and, in that statement, adjusted, in light of the new and material evidence, the rating. So I don't understand. And when he completed his appeal, Your Honor. What do you mean when he completed his appeal? In the statement of the case, they made an adjustment. I see this in many, many cases that come before our court. Many cases, the statement of the case just says why they did it right the first time, and they make no changes. Lots of other times, the statement of the case actually makes an adjustment because the government has been convinced that it wasn't exactly right beforehand. So I don't understand your point. The VA has an obligation to presume that when a veteran does not receive the maximum benefit available, the maximum benefit available to the veteran in this case was a total rating. That's what he ultimately received from the board from the date of what they considered to be his second claim. There was no second claim in this case. The claim was always the claim that was initiated in 2006. 3.156B recognizes that the claim is continuing. It is pending when the VA receives new and material evidence. The VA precluded... No, I don't see how it does say that. It says new material evidence received prior to the appeal period will be considered as having been filed in connection with the claim, which was pending at the beginning of the appeal period. So that claim was pending, and then they issued the SOC. I don't understand. I don't at all understand what your point is about statutory or regulatory interpretation. The interpretation here of the statute made by the court below says that the veteran must complete an appeal, notwithstanding the fact that 3.156B allows his claim to continue to be pending. No, it doesn't. What about 3.156? It says new and material evidence will be considered as having been filed in connection with the claim, which was pending. And they did exactly that, and I don't see... What language in this statute did they misinterpret? Tell me the word. They did not afford him the maximum benefit that's available. When the appeal was heard by the board, he... Wait, what does them not affording him the maximum benefit available have to do with 3.156B? That his claim was not over. Tell me what his interpretation is. That his claim was not over. If you interpret the statutory scheme that way, then when the VA grants an interim benefit, an increase from, in this case, 30 to 50, that's a completion of the claim. That's not a completion of the claim. The claim is not completed until the veteran has had consideration of the maximum benefit available. When the board considered that issue, the board agreed that he was entitled to 100% from 2008 forward. What's at issue here is the failure to consider those first two years. And he was precluded from that consideration based upon an interpretation that he does... He loses his right to appeal because he exercised the right to submit new and material evidence to get a new decision that told him he had a right... He doesn't lose his right to appeal. He's got 60 days. They told him, once an SOC issues, whether it denies you or simply doesn't give you everything you think you're entitled to, you then have 60 days. And he didn't do it within 60 days. He didn't lose his right to appeal. He didn't comply with the timing requirements for his right to appeal. But with respect, Your Honor, this is a non-adversarial system. This should not be a gotcha system. Under... There are timing requirements. There are timing requirements. Are their nature a gotcha system? I mean, you've got to file in a certain period of time, and if you don't, you'll lose your right. No, if there's an alternative means, just like there is an alternative means that is provided for the filing of a substantive appeal. The BA's own regulation says that you have two different options. It's 60 days or it's one year from the date of the original decision. He didn't do either. I understand he did not. 3.1560. Yes. It clearly, and it's set in bond, we set it in barrage, that the claim remains open until the VA makes a determination as to whether the evidence is new and material and whether it has any impact on the claim. So in this particular instance, the VA actually did what it hadn't done in bond or barrage. It looked at the new evidence. It gave him a higher rate of disability, higher disability rate. Now, under those circumstances, clearly, his higher disability at 50% would go to the date of his original claim because of 3.1560. Now, where do you get the argument that once the VA does what it's supposed to do, look at the new material evidence, when it's done within the initial appeal process, that somehow it becomes a completely new decision as opposed to just a consideration of the new and material evidence to decide if we were wrong? Because that's the way in which the VA dealt with it. The VA issued a new decision. Mr. Fern did not ask for a new decision. If they had simply issued a statement of the case, then he would have known that his only remedy was to file a substantive appeal within 60 days. But this is a pro se appellant, Your Honor. This was not a represented appellant by competent counsel that could read the mandate of the statute that said you just have 60 days. But more importantly in this case, that new and material evidence from the therapist, which was ultimately the evidence relied upon to grant the 100%, specifically concluded that it is very unlikely that Mr. Fern will be able to maintain any level of stable employment due to the severe and chronic nature of his post-traumatic stress disorder. What you're saying ultimately relied upon to grant him 100% was actually a second letter. That's correct. That said substantially the same thing as the first letter did. The problem is his testimony wasn't the same. Not that we can look at this because we don't review facts. But on the NOD, which he submitted with the therapist letter that said she questions whether he can maintain stable employment, he himself wrote on the NOD, I can currently work about two and a half days a week. Yes. Okay. So then what's wrong with the VA looking at that and saying, okay, the guy's working two and a half days a week. We'll give him 50% because he's working two and a half days a week. Then the next letter comes in and he says, I'm no longer able to work at all. That's the facts that you have in front of you. So I don't see, even if we could review facts, how there would be any relief for you in this factual scenario. Because, Your Honor, the question here is whether we make this an adversarial system and we say to the veteran, pro se, you have to follow the filing rules. And if you don't follow the filing rules under 7105, then the fact that 3.156B gives you the opportunity to have this claim continuing. Let's just assume, Your Honor, that the facts were slightly different. And in this case, the submission had been made with the notice of disagreement and there was no statement of case issued. There was simply a new decision. What do you mean there was no statement of the case issued, there was a new decision? No, no, I'm proffering a hypothetical. Because in this case it's a statement of the case and the 30% to 50% increase is in the document called statement of the case, correct? Right. But in that document, Your Honor, they acknowledge that there are two additional levels of consideration at 70% and at 100%. And therefore, there was not the maximum benefit available under law granted. You're well into your rebuttal time if you wish to state any. Yes, Your Honor. Thank you very much. Thank you. Let's hear from the government. Mr. Bruskin. Am I saying it right? Bruskin, perfect actually. May it please the Court. The Court should affirm the decision of the Veterans Court for the reasons that Your Honors have been discussing with Mr. Carpenter this morning. First, Mr. Fern's February 2006 claim was closed permissibly by the VA when he did not respond within 60 days of the statement of the case. When the VA received his late filed submission, they treated it as a new claim for an increased disability rating, which then went through various iterative levels of review and ultimately resulted in him receiving 100% from the board several years later. The fact is, facts are not really in dispute. He did not submit anything timely following the statement of the case. Statute 7105 is clear. You have 60 days from the mailing of the statement of the case in which to perfect your appeal to the board. There is no dispute here that he did not do that. Let me ask you about 3.156B. So, as I understand 3.156B, what it's really saying is that it has to be within the appeal period, which generally is one year. But if the appeal period happens to be shorter than a year, then it has to be filed by the end of that appeal period, correct? Correct. 3.156B does not dictate when a claim is pending. It simply dictates to the VA how it must treat new and material evidence depending on when it's received. If it's received while the claim is pending based on other statutes and regulations that control the timelines, then it is considered as having been filed with the original claim. If it is not, and it is new and material, it can be treated under 3.156A as a claim to reopen. So, in this case, the first therapist letter would have been new and material evidence, and in fact, they changed their decision. Correct. And that was submitted in May of 2007. It was considered in the statement of the case under 3.156B. So, is it unusual for a change in decision to come through the vehicle of a statement of the case? Or is it ever the case that a new decision… I guess I'm just wondering whether or not this was normal process. Does the VA periodically look at it like this and then issue a new decision, but have it be in the context of the statement of the case as opposed to some separate decision letter? No, this is very common. This is the mechanism that's set up. The VA is required when a notice of disagreement is filed to re-examine the claim and to re-examine any new and material evidence that received pending their determination in the statement of the case. The statement of the case can change the determination. It can, in fact, announce new decisions if, for example, service connection is given in the statement of the case. So, there's nothing unusual about what the VA did here. If the statement of the case did what you just suggested, which is issue a whole new decision, like decide that there was entitlement to an entirely different benefit, would that convert the statement of the case into a new initial decision that would then cause the appeal period to be a year from the date of that document rather than 60 days? Under Hamilton and Barrera, that would be true only of the new issues that were decided. So, for example, service connection, which would have been subject to a notice of disagreement because service connection would have been denied, that determination that they're going to grant service connection, that would not be a new or initial determination by the agency of original jurisdiction on that issue. Now, if they say, okay, now we give you service connection and now we'll give you an effective date and a rating percentage, those are new issues under the concurrence in Barrera that would be subject to the year period. But Hamilton and Barrera really, I mean, they really do deal with jurisdictional creating NOD for purposes of veterans court jurisdiction. I mean, it really is a different analysis that we're looking at here, isn't it? No, because the crux of the analysis, especially in Judge Flager's concurrence in Barrera, is looking at what happens when you file a notice of disagreement. The fact is that when you file a notice of disagreement on one of the issues that he identifies there, it puts that issue into the appellate process. The mechanisms are in place in 7105 and the regulations that support it for how the VA is to deal with that claim. You have a year period once that issue is decided in which to file your notice of disagreement. If you do so, then the VA is under obligation to do a statement of the case and then you have 60 days to file your substantive appeal. So even though those cases existed under the question of whether or not there was jurisdictional created notice of disagreement, the precedent still holds that notice of disagreement on one issue. There can only be one, because if you look at 7105, it doesn't provide for multiple notice of disagreement on one given issue. It says that once the initial decision on an issue is granted, you have one year to file your notice of disagreement. If you don't do so, the claim becomes final. If you do, you get a statement of the case. Then you have 60 days to perfect your substantive appeal. Isn't part of the problem that the VA sort of isn't very consistent on this? I mean, if you go back and look at the facts and bonds, what we had was a decision and then new evidence was submitted, and so the VA just chose to treat that as an entirely new claim and issued yet another decision. In that case, it operated against the veteran's interest because the VA refused to date it back to the date of the original claim. In this case, they choose to treat it as not a new claim and it operates against the veteran's interest. Isn't that inconsistent with the veteran-friendly system that we're trying to employ here? I'm not sure I understand how they did treat his late filed submission as a new claim, and I would argue that Mr. Fern actually benefited from that because in May of 2008, the VA determined that his late filed submission was not new in material. Right. I'm talking about the first submission, the one that came in the middle, the one that came during the appeal process. Right, which they did treat under 3.156B. Right, but what I'm saying is that if you look back at our other cases, you see that sometimes they do and sometimes they don't. They treat it however they want, and often it seems that however it gets treated is the one that operates against the veteran's best interest. So the question is, are we to endorse the way they did it now, or are we to endorse the way they do it in other circumstances? I think to the extent that they did it correctly in this case, that is the way it should be endorsed, and I don't think that there's really any contest that they did not treat the May 2007 submission correctly under 3.156B. They treated it in connection with a pending claim, and when they increased his disability rating to 50 percent, it went back to the date of his original claim, just as is required by 3.156B. So to the extent that the VA does it improperly in other cases, obviously that should not be endorsed by this court, but in a circumstance such as here where they treat the evidence properly, that should be what this court endorses. I am very sympathetic in listening to Judge O'Malley because one thing I've seen a lot in these cases, quite frankly, is consistently the VA not identifying and treating as a separate claim TDIU-type evidence that is otherwise presented. For example, it seems to me it wasn't until after the second letter in this case where they actually treated the veteran as having filed a request for TDIU, basically, because he's saying, I can't work, and here's my therapist's letter that says I'm not capable of stable employment, but it does seem to me that what the VA could have and probably should have done was analyze the earlier filing under the notion of is this a claim for TDIU because my understanding is that we liberally construe the veteran's submissions, and even though they might not use the magic words to put you on notice of a claim, if the evidence of records nonetheless should have put the VA on notice of a claim, they're supposed to treat it, right? So I think that's the thing that is resonating with me about what Judge O'Malley just said is I see a number of cases where there seems to be inconsistent processing of the evidence submitted, and especially in these TDIU circumstances. Well, the question of whether an informal claim is raised is a somewhat subjective determination made by the VA in light of the evidence that's submitted. Here, the fact that he received 100% disability, but only on the basis of evidence that was generated, not submitted, but generated in May of 2008. The board decision that said we find you have 100% disability was an examination made in May of 2008. So I would say there is not necessarily the evidence demonstrating that at the time he filed his initial claim, when they gave him 30%, that there was any indication that he was 100% disabled, and in fact his testimony was that he was not 100% disabled. Even at the time of his NOD, his testimony was he wasn't 100% unemployable. Right. That's the difference. That's the TDIU. When you say no evidence, it says in the therapist's letter, the first therapist's letter, it's very unlikely that Mr. Fern will be able to maintain any level of stable employment due to his severe and chronic PTSD symptoms. I mean, when you say there was no indication that he might be unemployable, it was right there, right? I mean, at the time of his initial claim, and they may have considered a TDIU determination, but that evidence was submitted, and they considered that evidence and determined that it only increased him from 30% to 50%. So it still wasn't enough even to get them to the 70% threshold. And so I would contest that there was sufficient evidence such that this court should second-guess a determination by the VA as to whether or not an informal claim for TDIU was raised. Well, in fact, we can't even do that. Well, right. But ultimately they did consider the TDIU claim down the road when there was more evidence submitted of his unemployability. I mean, even he at the time of the new and material evidence said, I can only work one or two half-days a week. I mean, that's one or two half-days a week. That's pretty close to unemployable, right? Potentially. One of the arguments that Mr. Carpenter was making was the close-safe status of his client. And although I don't find a basis in the law for ruling solely on that status, the interpretation of the various regulations and the different dates and how everything falls into place is confusing at best, and it's difficult. And I can see how a veteran is trying to wade through this material and make some sense out of it. Now, it does turn out that when he received his 50% determination, he was told by the VA that he had a year to respond. He was sent a letter and told, you have one year to respond to this determination. Now, later on, when he submitted the new evidence, didn't that change things? But he didn't receive anything from the VA that told him he now has a new 60-day period of time. With this conflicting views that are presented to the veteran, how are we to determine whether the board was correct in this determination? Well, I believe that when he received the statement of the case, the statement of the case itself identified that he had 60 days from which to perfect a substantive appeal to the board. I'm looking for the precise page for it. There it is. Cover letter of the sentence case, yeah, JA32. So he was informed, and the objective evidence here is that it appears Mr. Fearn understood that he had a limited time period. He ran out and got another letter from the same therapist that he had had before and tried to submit it in a timely manner, at least it appears he did, because the evidence is dated February 15th. The time expired on February 17th. So there is an indication that he understood there was a time period that was going to expire. The fact is the VA could have considered his evidence and simply said, this is not new and material evidence, therefore we need not consider it. However, they construed that submission as a new claim, which ultimately led to him getting 100% disability. So the question here is simply whether or not that 100% goes back two years. So I don't think this is a circumstance in which the VA attempted to impose an arcane set of statutes and regulations to deny a veteran the benefits that they were due. The VA permissibly under statutes and regulations considered the claim closed. There's indication that he understood he had 60 days in which to submit his evidence. He never made an argument to the VA that, hey, I was confused. He is permitted under 7105 D3 to attempt to show good cause for a delay in that 60-day appeal period. He never attempted to do that in this case. So there's no indication that when he received notice from the VA that they had considered his claim closed and were considering his late submission as a new claim that he said, wait, wait, that's unfair. I didn't understand. I thought I had a whole year or I thought I had more time. There's simply no – Well, he had good reason to think he had a whole year. He got a separate letter from the VA saying he's got a year, right? But if that was what he actually believed, then there should be some indication in the record of him complaining of that, of saying, you told me I had a year, and so therefore that was timely. There's no indication of that whatsoever. He didn't ask the VA to give him more time. He didn't say, wait, I'm confused. Can the VA waive the 60-day period for good cause? They can't waive it, but it says here the claimant will be afforded a period of 60 days from the date of the statement of the case is mailed. This may be extended for a reasonable period on request for good cause. Well, that's what it has to be. But they can delay. But it would have to be extended within – he'd have to show good cause within the 60 days. So once he blows it, he blows it. Not necessarily. If he says I didn't understand, I had 60 days, your letter confused me, I submitted this, I thought it was going to be on time, that was good cause, I don't think it would have to be within the 60 days. So you think that's different than a classic extension of time on something? You think that after the fact you can excuse the failure? I'm not sure exactly how this statutory permission to the VA to extend the time has been interpreted or used by the VA, but there's nothing here that says that that needs to happen during the 60 days. Well, if it can happen any time, could the VA consider it now? I don't believe so. Once the case is closed, I would say perhaps there is a timeline when the VA closes the case. But it's hard to say because he never asked for that permission to extend that period or to go back. Even today, we're asking you about it. But even as of today, standing here, there's never been a point in time when the veteran has said you should have allowed my filing at 64 days even because of 60 days because I was confused by this letter and that that's good cause. And look here, I have a lawyer now who is well-versed in these cases. And look here, there's a provision that allows for good cause. His argument has really been based solely on 3.156B and that the new decision gives him a whole other year. Why should he have asked for permission? I mean, he's not required under the regulations to do that. But more than that, why should he ask for permission or for you to grant him something that you've already granted him? He's already got a letter. He's got a letter tied right into that first rating, the 50% rating. It's tied together and it says you have a year to appeal. Now, there could have been some other, you know, these other intervening events. But again, it goes back. We're talking about a veteran. He's pro se. He's trying to wade through these. You say they're not arcane. I think they are arcane in situations like this. It becomes very arcane. How is a veteran supposed to peel all this apart when the VA itself is telling them this is what you got. You got a year. Well, the VA told him also that he had 60 days. And to the extent that that year statement is in the letter, that is a mistake. Well, he's got confusing guidance from the VA. But one of them is tied to the 50%. That's the one he's concerned about, the 50% rating. And with that, the letter that's tied to that tells him you have a year. But the statement of the case is completely about his disability rating as well. So they both apply to this issue. The fact is, there's no indication that he was confused. That's sort of the crux of the matter. If there was, that might be a different case. And if this had been raised to the Veterans Court, the Veterans Court could have analyzed it, perhaps under prejudicial error, or analyzed it at all. But it wasn't raised below a disability rating. What do you mean there's no indication that he was confused? If he wasn't confused, he would have filed it within 60 days, right? Not necessarily. Perhaps it just took him too long to get it. There's no indication in the record that he submitted this late because he was confused by the notice. That argument doesn't exist until this briefing. Why is there a requirement that he show that he's confused? I mean, the instruction is clear on his face. He has a year. I mean, why not say that the record shows that he was complying with the one-year requirement? Because the one-year requirement in the letter is incorrect. He did not have a year. He had 60 days from the statement of the case as set forth in that letter and in the statutes and the regulations. So the VA's instruction to him was incorrect? Yes, and if he had raised that below, it could have been considered by the Board or the Veterans Court. Why can't we consider that now and remand this and require that the VA review this determination? Two reasons. First, he waived the argument by not raising it below. But second, and more fundamentally, the VA determined that the evidence he submitted was not new in material. So it would not have made a difference. It could not have triggered 3.156B because it was not new in material. They found it was duplicative evidence. So the fact that they considered it as a new claim for an increased disability in order to his benefit. If they had simply said, we're going to waive this timeline and we'll consider this as having been filed in connection with your pending claim, even though it wasn't pending, they would have said, it's not new material. Your claim is over. There would not have been the further development unless he filed a new claim. So the fact that it is not new in material is a separate and stand-alone reason why 3.156B does not apply to this late submission of evidence. In the reply brief, as I understand it, reading from it, the VA complains Mr. Kern argues for the first time that the notices accompanying the December 2007 SOC were confusing and contradictory. VA contends this argument must be disregarded because Mr. Kern did not raise it to the Veterans Court. And I understand the reply brief is saying the VA either misreads or misunderstands the opening brief. Mr. Kern identified the notice language to show the VA has the wrong interpretation of 3.156B, not that Mr. Kern was confused by virtue of the contradictory notices. So in the reply brief, hasn't walked away Perhaps, but then I don't really understand his argument. To the extent that he believes that the statement in the letter accompanying the statement of the case is an interpretation? Mr. Carpenter's argument is that he believes the guy should have had one year and we should interpret some portion of the regulation as giving him a year, not 60 days. And he's saying the fact that they said this, that he has a one year, a J45, is evidence that even the VA itself interprets these regs as granting a year in cases like this. That's his argument. But I think he clearly walked away in the reply brief from any argument about confusion and disagreement that would otherwise create good cause for an extension. Is that your understanding? To the extent that he attempted to do so, sure. Yeah, I guess he did. I would also argue that the statement in that letter does not evidence an interpretation by the VA that he had a year to appeal the determination of his disability rating. If anything, that statement is either a mistake or simply misleading because that cover letter is the letter they use when they announce what your disability percentage is going to be. When the VA does make a mistake like this in the non-adversarial early portions of all of this, why are we here? I think we're here in this instance because Mr. Fearn never went to the VA and said, you sent me confusing letters and that's why I did this late. I was confused. Perhaps if he had, the VA would have considered under their... We should hear from Mr. Carpenter. Mr. Carpenter, I'll restore your full rebuttal time in light of the fact the government went over five minutes. Thank you. I'd like to begin with the assumption that the government makes that there is an indication that Mr. Fearn understood. I do not believe that there is anything in the record that gives this court any indication that Mr. Fearn understood what the notice was that accompanied the statement of the case. Yes, but Mr. Carpenter, at no point in this case, until the blue brief and you walked away from it in the gray brief, did you ever suggest that confusion ought to be a basis, a lack of understanding of the time periods ought to be a basis by which even if there is a failure to comply with the time periods, they should be excused in this case. I do not believe the confusion relates to the question of whether or not 7105 should be interpreted so strictly that it precludes the veteran when he gets a notice that tells him he has another year to file his appeal that somehow his appeal should be closed. The important consideration... Suppose that the notice told him inadvertently instead of one, they wrote 100. Somebody literally wrote 100. Clearly that is unequivocally not consistent with the statute. Absolutely. In that circumstance, are you suggesting I ought to nonetheless rework my interpretation of the clear language of the statute by virtue of a mistake in a letter that was sent to him by a VA employee? With all due respect to the government, I don't believe it was a mistake. I believe that he was entitled because the VA made a new decision to a new one-year appeal period. What about the fact, though? There's an important substantive issue here. It's about the fact that because the VA ultimately determined that the second letter was not new and material evidence, he would have been out of luck but for filing a new claim, and so in some ways it inerts his benefit because they treated it as a new claim filed as of that date. Except that within one year of the second or the new decision, he filed a timely notice of disagreement. So the content of the submission is a red herring. It makes no difference because he successfully and correctly initiated or restarted the same appeal that he had previously started, but he had got an interim decision that said, your initial rating isn't 30%, your initial rating is 50%, and you have one year to file a new appeal. But I would like to get back to what Mr. Fearn is reasonably expected to have understood. The VA at no time gave him notice that his case was closed. His case was closed by operation of law. There was no notice to Mr. Fearn that when he didn't file his substantive appeal within 60 days, the VA sent him a notice that your case was closed. That didn't happen. It's not in the record. Is there a requirement, is there a statute or a regulation that says in order for a case to be closed, the VA has to send notice to the claimant? No, Your Honor, absolutely not. I don't understand why they criticize the VA for doing something that they don't do as a regular practice and nor are required to do. Because the question here is the competing notices, and the government suggests that he somehow knew. Yes, but the question isn't the competing notices. The question is what is the correct appeal period under the statute and regulation, and that's the only question that you've appealed. The competing notices would otherwise go to confusion and good cause for noncompliance. Agreed. But the competing notices don't go to... they don't impact how we interpret the statute. Right, but this Court has interpreted 3.156B to be a mechanism that allows for the claim to continue to be pending. And they properly exercised 3.156B when they made the new decision based upon the new and material evidence, and then based upon that, they gave him a second notice of appellate rights. If I do what you're asking, then I would forever be setting the rule that any time in a statement of the case if the government adjusts the entitlement they had already adjudicated, it constitutes a new initial determination, and therefore, because that's the language that the statute uses, initial determination or review. That's the only language that accompanies the one-year period, initial review or determination. So I would have to decide when they change from 30% to 50% in the SOC that that actually constitutes an initial review or determination, because that's the only place that accompanies the one-year time period. Well, Your Honor, I'm not sure that's quite correct. I understand what you're saying, but... Oh, I'm sorry, it's that one-year period. I'm sorry, I thought you were talking about the one-year period under 3.156B. No, your argument is under 7105B1 that when they increased his rating from 30% to 50%, he should have gotten one year in which to file another NOD. That's your argument. The only place that one year comes from is B1. B1 only gives that one year for an initial review or determination. Your Honor, but what I am saying is that in comparison, 3.156B allows for the submission of new and material evidence both in the one-year period following the initial decision and at any time during the pendency of the appeal. And in this case, we have multiple submissions of new and material evidence that ultimately resulted in the award of 100% rating by the Board. What the Board did was to say, but you don't get consideration of that new and material evidence all the way back to your original claim because you didn't timely file a substantive appeal. And I'm simply saying that 3.156B affords that benefit and that Mr. Pern should be entitled to it. Thank you very much for your time. The case is taken under advisement by the Court.